JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Dean Villanova

**DEFENDANTS**

United States of America Department of Interior National Park Service & City of Philadelphia & Ghost Tours Philadelphia, LLC

**(b)** County of Residence of First Listed Plaintiff   Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Washington, DC
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jerry Lyons, Esq - Chaiken, Lyons & Gaynier
1800 JFK BLvd., Suite 810, Philadelphia, PA 19103
215-564-1800

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1  U.S. Government
     Plaintiff

❏ 3  Federal Question
     *(U.S. Government Not a Party)*

☒ 2  U.S. Government
     Defendant

❏ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine | Injury Product | | New Drug Application | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | | ❏ 840 Trademark | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | Act | ❏ 862 Black Lung (923) | Protection Act |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ☒ 360 Other Personal | Property Damage | Relations | ❏ 864 SSID Title XVI | ❏ 850 Securities/Commodities/ |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | Exchange |
| | ❏ 362 Personal Injury - | Product Liability | ❏ 751 Family and Medical | | ❏ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 895 Freedom of Information |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | ❏ 899 Administrative Procedure |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | Act/Review or Appeal of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | ❏ 950 Constitutionality of |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | State Statutes |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
     Proceeding

❏ 2  Removed from
     State Court

❏ 3  Remanded from
     Appellate Court

❏ 4  Reinstated or
     Reopened

❏ 5  Transferred from
     Another District
     *(specify)*

❏ 6  Multidistrict
     Litigation -
     Transfer

❏ 8  Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332

Brief description of cause:
Trip and Fall

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
150,000.00

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☒ Yes  ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE
03/19/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

05/2023

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ____367 Walnut Street, Pottstown, PA 19464____

Address of Defendant: ____1849 C Street NW, Washington, DC 20240____

Place of Accident, Incident or Transaction:_____

| | |
|---|---|
| *RELATED CASE IF ANY:* | |
| Case Number:_____ Judge:_____ Date Terminated_____ | |

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes [ ]  No [X]
2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?    Yes [ ]  No [X]
3.  Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action in this court?    Yes [ ]  No [X]
4.  Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?    Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] **is** /[X] **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: 3/19/24

_____    49543
*Attorney-at-Law (Must sign above)*    *Attorney I.D. # (if applicable)*

**Civil** (Place a √ in one category only)

**A.  *Federal Question Cases:***

[ ] 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
[ ] 2.  FELA
[ ] 3.  Jones Act-Personal Injury
[ ] 4.  Antitrust
[ ] 5.  Wage and Hour Class Action/Collective Action
[ ] 6.  Patent
[ ] 7.  Copyright/Trademark
[ ] 8.  Employment
[ ] 9.  Labor-Management Relations
[ ] 10. Civil Rights
[ ] 11. Habeas Corpus
[ ] 12. Securities Cases
[ ] 13. Social Security Review Cases
[ ] 14. Qui Tam Cases
[X] 15. All Other Federal Question Cases. *(Please specify):* UNITED STATES IS A DEFENDANT

**B.  *Diversity Jurisdiction Cases:***

[ ] 1.  Insurance Contract and Other Contracts
[ ] 2.  Airplane Personal Injury
[ ] 3.  Assault, Defamation
[ ] 4.  Marine Personal Injury
[ ] 5.  Motor Vehicle Personal Injury
[ ] 6.  Other Personal Injury *(Please specify)*:_____
[ ] 7.  Products Liability
[ ] 8.  All Other Diversity Cases:  *(Please specify)*_____

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: _____

_____    _____
*Attorney-at-Law (Sign here if applicable)*    *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Dean Villanova | : |
| 367 Walnut St. | : |
| Pottstown PA 19464 | : |
|    vs | : |
| United States of America | : |
| Department of Interior | : |
| National Park Service | : |
| 1849 C Steet NW | : |
| Washington, DC 20240 | : |
|    and | : |
| City of Philadelphia | : |
| 1515 Arch Street, 14th Floor | : |
| Philadelphia, PA 19102 | : |
|    and | : |
| Ghost Tours Philadelphia, LLC | : |
| d/b/a Ghost Tours of Philadelphia a/k/a | : |
| Ghost Tours.com | : |
| 864 The Hideout | : |
| 2302 Brookfield Road | : |
| Lake Ariel, PA 18436 | : |

## CIVIL ACTION

## PARTIES AND JURISDICTION

1. Plaintiff, Dean Villanova is an adult individual, citizen of Montgomery County,

Commonwealth of Pennsylvania, residing at the above listed address.


2. Defendant United States of America ("USA"), acted by and through its Department of

Interior, National Park Service, which is an agency of the United States federal government,

having its principal place of business at the above listed address, and at all times material hereto

acted through its employees, servants, agents and representatives, all of whom were acting within

the course and scope and with Defendant's authority.

1

3. Defendant City of Philadelphia ("PHL") is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at the above captioned address, and at all times material hereto acted through its employees, servants, agents and representatives, all of whom were acting within the course and scope and with Defendant's authority.

4. Defendant Ghost Tours of Philadelphia, LLC ("GTP") d/b/a Ghost Tours of Philadelphia a/k/a Ghost Tours.com is a Pennsylvania business entity, conducting tours throughout Philadelphia, having a principal place of business at the above address, and at all times material hereto acted through its employees, servants, agents, representatives, tour guides and independent contractors, all of whom were acting within the course and scope and with Defendant's authority.

5. Jurisdiction in the court is based upon 28 USCS § 1346, United States as a Defendant.

6. At all times material hereto, Defendants USA and PHL, jointly, severally and/or individually, did own, possess, control, manage, maintain, inspect and were otherwise responsible, primarily and/or secondarily, for the condition of the sidewalk and trees along the north side of the 400 block of Walnut Street, Philadelphia, Pennsylvania and had a duty to inspect, maintain and repair the sidewalk and trees in a reasonably safe condition, free of defects or other dangerous and hazardous conditions.

7. As to Defendant USA, sovereign immunity had been waived pursuant to The Federal Tort Claims Act, 28 U.S.C.S. § 1346 et seq.

8. As to Defendant PHL, governmental immunity had been waived pursuant to 42 Pa.C.S. § 8542

(4) Trees, traffic controls and street lighting. — A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.; and

(7) Sidewalks. — A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. When a local agency is liable for damages under this paragraph by reason of its power and authority to require installation and repair of sidewalks under the care, custody and control of other persons, the local agency shall be secondarily liable only and such other persons shall be primarily liable.

9. Defendant GTP, at all times material hereto, conducted walking tours through the streets of Philadelphia, known as "Ghost Tours," which included walking on the sidewalk along the north side of the 400 block of Walnut Street in Philadelphia, and had a duty for the safety of its customers and business invitees, to inspect and report, or cause to be inspected, reported, maintained and repaired the sidewalk and trees along the north side of the 400 block of Walnut Street, Philadelphia, Pennsylvania.

## FACTUAL BACKGROUND

10.  On the evening of April 15, 2022, Plaintiff Dean Villanova was a business invitee and customer of GTP, and visitor to Defendant USA's property, taking a "Ghost Tour" for which he paid valuable consideration.

11.  The "Ghost Tour" was being led, conducted and supervised by Defendant GTP, by and through its agents, employees, servants and personnel, working within the course of their employment and with Defendant's authority, directing the tourists and sightseers to look at various points of interest.



12.  As Defendant GTP led the ghost tour along the 400 block of Walnut Street, Plaintiff Dean Villanova tripped, stumbled, fell and suffered injuries due to the hazardous and dangerous condition of pushed up tree roots, missing, loose and raised bricks on the sidewalk.

13.  Plaintiff Dean Villanova suffered injuries including but not limited to the ligaments, tendons, labrum, cartilage lining and tissue of his left shoulder, requiring surgery, physical therapy, physical limitations, loss of motion, pain and suffering, embarrassment and humiliation, loss of life's pleasures, medical bills and permanent impairments of body functions and loss of motion, and medical expenses in excess of $ 5,000.

## COUNT I - NGELIGENCE
## DEAN VILLANOVA v. UNITED STATES

14. Plaintiff Dean Villanova incorporates by reference ¶¶ 1 through 13.

15. At all times material hereto, Defendant USA was obliged and had a duty to inspect, patrol, maintain, manage and repair the sidewalk and trees along the 400 block of Walnut Street by virtue of the National Park Service Management Policies.

15. The Plaintiff's fall and resulting injuries were caused by the negligence and carelessness of Defendant USA, individually, jointly and/or severally, by:

a. creating an unsafe environment, violative of sections 1.4.7 and 8.2 of the National Park Service Management Policies;

b. creating an unsafe environment, under the Policy's own definition of "Unacceptable impacts;"

c. failing to take action to identify and eliminate the unacceptable impact of unsafe environment, violative of 1.4.7 of the Policy, after having notice of the danger of loose and missing bricks on the sidewalks on its property;

d. failing to investigate and eliminate the unacceptable impact of unsafe environment, violative of 1.4.7 of the Policy, after having notice of the danger of loose and missing bricks on the sidewalks on its property;

f. lacking, misusing and otherwise failing to use its discretion in that it knew of similar defects on the sidewalk and walkway just a few blocks away; and

e. violating Philadelphia Property Maintenance Code § 11-505, Sidewalk Paving and Other Improvements by Property Owners.

WHEREFORE, Plaintiff Dean Villanova demands trial by a jury of twelve person and judgment in his favor, jointly and severally, and avers damages in excess of $ 75,000.00.


## COUNT II - NEGLIGENCE
## DEAN VILLANOVA v. CITY OF PHILADELPHIA

16. Plaintiff Dean Villanova incorporates by reference ¶¶ 1 through 15.


17. At all times material hereto, Defendant PHL was obliged and had a duty to cause to be inspected, patrolled, maintained, managed and repaired, the sidewalk and trees along the 400 block of Walnut Street by virtue of 42 Pa.C.S. § 8542 (7), which provides, in part: When a local agency is liable for damages under this paragraph by reason of its power and authority to require installation and repair of sidewalks under the care, custody and control of other persons, the local agency shall be secondarily liable only and such other persons shall be primarily liable.


18. In Pennsylvania, a property owner has the primary duty of keeping the sidewalk in front of his property in repair, and the city's liability to see that the sidewalk is left in repair is secondary. Restifo v. Philadelphia, 617 A.2d 818 (Pa.Cmwlth.1992); Psichos v. Sauvion, 520 A.2d 945 (Pa.Cmwlth.1987).


19. At all times material hereto, Defendant PHL was obliged and had a duty to inspect, patrol, maintain, repair and trim a dangerous condition of trees, under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of

6

the dangerous condition at a sufficient time prior to the event to have taken measures to protect

against the dangerous condition by virtue of 42 Pa.C.S. § 8542 (4).

20. Defendant PHL, through its Parks & Recreation department manages all street trees, as well

as park trees, in the city of Philadelphia and is responsible for maintaining, planting, pruning,

trimming and removing street trees.

21. The Plaintiff's fall and resulting injuries were caused by the negligence and carelessness of

Defendant PHL, individually, jointly and/or severally, by:

a. failing to warn the Plaintiff of the aforementioned hazardous and dangerous condition of the

uprooted tree and missing and loose bricks upon the sidewalk;

b. failing to properly inspect and maintain the sidewalk and the tree;

c. allowing the hazardous and dangerous condition to exist for an unreasonable amount of time

after having sufficient notice, or constructive notice, thereof;

d. failing to erect barricades and/or post other warning devices at the location of the said

hazardous and dangerous condition;

e. failing to make timely and proper repairs of the sidewalk and trees, after having notice, or

constructive notice, thereof;

f. allowing the sidewalk and tree to remain in an unsafe condition after having notice, or

constructive notice, thereof;

g. failing to repair the sidewalk and tree;

h. failing to inspect the sidewalk and tree, and otherwise failing to notify the property owner of

the dangerous condition; and

i. failing to notify the property owner of the dangerous condition and disrepair of the sidewalk.

WHEREFORE, Plaintiff Dean Villanova demands trial by a jury of twelve person and judgment in his favor, jointly and severally, and avers damages in excess of $ 75,000.00.

## COUNT III - NEGLIGENCE & BREACH OF CONTRACT
## DEAN VILLANOVA v. GHOST TOURS PHILADELPHIA, LLC

22. Plaintiff Dean Villanova incorporates by reference ¶¶ 1 through 21.

23. At all times material hereto, Defendant GTP was obliged and had a duty to observe, inspect, patrol, and/or warn its customers of the dangers along the paths of its guided tours.

24. The Plaintiff's fall and resulting injuries were caused by the negligence and carelessness of Defendant GTP, individually, jointly and/or severally, by:

a. failing to warn the Plaintiff of the aforementioned hazardous and dangerous condition of the uprooted tree and missing and loose bricks upon the sidewalk;

b. failing to observe, inspect, patrol, warn or give advance notice to Plaintiff of the dangerous sidewalk and the uprooted tree;

c. leading the Plaintiff on a tour path that exposed him to unreasonable walking surfaces;

d. leading the Plaintiff onto a unguarded and dangerous path, knowing that Plaintiff would be distracted and looking at the sights, and not necessarily at the walking surface during the tour;

e. failing to make timely and proper inspection of the tour route in advance of the tour; and

f. failing to take an alternate route that was safe and free of dangerous condition.

25. Plaintiff paid valuable consideration for the ghost tour, which Defendant GTP accepted.

26. Plaintiff relied to his detriment that Defendant GTP was knowledgeable of the paths on which it would lead its customers.

27. Defendant GTP breached the tour agreement with Plaintiff by failing to provide a safe tour.

WHEREFORE, Plaintiff Dean Villanova demands trial by a jury of twelve person and judgment in his favor, jointly and severally, and avers damages in excess of $ 75,000.00.

Respectfully submitted,
**CHAIKEN, LYONS & GAYNIER**

3/14/24

**JERRY LYONS, ESQUIRE**   ID 49543
1800 JFK Boulevard, Suite 810
Philadelphia, PA 19103
tel 215-564-1800  fax 215-564-5524
jlyons@jchaikenlaw.com
Attorney for Plaintiff

## **VERIFICATION**

Dean Villanova states that he is the Plaintiff in this action and verifies that the facts upon which statements made in the foregoing document are based, to the best of his knowledge, information and belief, are true and correct. The undersigned understand that the statements therein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

_____
Dean Villanova

10